UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 169,<br><br>Applicant,<br><br>v.<br><br>THE PENTA BUILDING GROUP, INC.,<br><br>Respondent. | Case No. 3:22-cv-00213-LRH-CLB<br><br>ORDER |

Before the Court is Laborers' International Union of North America, Local 169's petition to vacate an arbitration award (ECF No. 1) and Penta Building-Group, Inc.'s motion to confirm an arbitration award (ECF No. 17). For the reasons explained below, the Court denies the Union's petition to vacate the award and grants Penta's motion to confirm the award.

**I.  BACKGROUND**

In July 2018, the Union and the Nevada chapter of the Associated General Contractors (AGC) entered into a collective bargaining agreement. *See* ECF No. 17-1. This agreement, referred to as the Laborers Master Agreement (the LMA), was effective between July 16, 2018, and July 15, 2021. *Id.* Penta was an individual signatory to the collective bargaining agreement, as well as to prior LMAs dating back to November 2005. *Id.*

On March 26, 2020, the Union and AGC bargained separately to extend the LMA by two years (the Extension Agreement). *Id.* Penta was not provided notice of or an opportunity to participate in that bargaining. *Id.* Rather, two months after the Extension Agreement was reached, the Union sent Penta a letter informing it that the Union and AGC agreed to modify and extend the LMA for two years through July 15, 2021. *Id.* Penta shortly thereafter provided notice under Section 39 of the LMA stating that it rejected the extension to the LMA, and it intended to terminate the LMA and individually bargain with the Union.

1

The Union rejected Penta's notice and submitted a grievance challenging Penta's termination of the LMA and rejection of the extension. *Id.* The LMA required that the parties submit the issue to an arbitrator. *Id.* Penta and the Union did so and authorized the arbitrator to decide two issues. First, "[w]hether the 2-year extension of the 2018-2021 LMA bargained for between Local 169 and the AGC on March 26, 2020, is binding upon Penta, and if not or if so, what is the appropriate remedy?" And second, "[w]as Penta's notice of termination of the LMA dated May 12, 2021, timely and if not, what is the appropriate remedy." ECF No. 17-2 at 9.

After the parties submitted briefing and a hearing was conducted, the arbitrator found in favor of Penta on both issues. Specifically, the arbitrator found that Penta was not bound by the extension to the Laborers Master Agreement and that Penta's notice to terminate was timely and effective. *See* ECF No. 17-2. Under the LMA, the arbitrator's decision was "final, binding, and conclusive upon all parties concerned." ECF No. 17-3 at 7.

## II.    DISCUSSION

Under the Federal Arbitration Act, the Union petitions the Court to vacate the arbitration award and Penta asks the Court to confirm the award. *See* 9 U.S.C. § 9. As explained below, there are no grounds to vacate the Award and it should be confirmed.

**A.    The Union's petition to vacate the arbitration award is denied.**

A party moving to vacate an award must show that (1) the award was procured by corruption, fraud, or undue means; (2) the existence of evident partiality or corruption in the arbitrator; (3) any party was prejudiced by the arbitrator's misbehavior, such as refusing to hear evidence or postpone the hearing; or (4) the arbitrator exceeded his powers or imperfectly executed them in an inappropriate manner. *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010); 9 U.S.C. § 10. *See also Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) (affirming that a party may seek to vacate an arbitration award only through meeting one of § 10's requirements). These limited grounds for vacatur are "designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc).

///

Here, the Union claims that the Award should be vacated because the arbitrator "exceeded [his] powers, or so imperfectly executed them" and "made 'an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." ECF No. 22 at 13 (quoting 9 U.S.C. § 10(a) and 9 U.S.C. § 11) (alteration in original). Specifically, the Union claims the arbitrator exceeded his powers when he "completely effectively voided the specific and clear language in Section 39" of the LMA, and he made an evident material miscalculation and mistake by concluding that the effective date of the Extension Agreement was July 16, 2021. *Id.* Neither of these arguments has any merit.

First, the arbitrator did not exceed his powers or improperly execute them. The parties in this case authorized the arbitrator to interpret the LMA to determine whether the Extension Agreement bound Penta. ECF No. 17-2 at 9. The parties fully briefed issue of what the proper interpretation of Section 39 is and presented arguments at a hearing. The arbitrator then thoroughly reviewed the parties' arguments, made factual findings, interpreted the LMA and Extension Agreement, and ultimately concluded that Penta was not bound by the Extension Agreement. *Id.* at 30–44. The Union has not identified any portion of the arbitrator's decision that exceeded the scope of the issue he was expressly authorized to decide. It merely has disagreed with the arbitrator's interpretation of the LMA and Extension Agreement. But as has long been emphasized, mere disagreement with the interpretation of a contract is not enough to require vacation of an arbitration award. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Moreover, the arbitrator's decision did not void the entire Extension Agreement. The Award is limited to Penta and merely states that Penta is not bound by it; the Award does not invalidate or void the Extension Agreement as it applies to others. Thus, the Court holds that the arbitrator did not exceed his powers in issuing the Award.

Second, the arbitrator did not make an evident material miscalculation of figures or an evident material mistake. The Union claims that the arbitrator's material miscalculation or material mistake was ruling that the March 26, 2020, negotiated and agreed to amendments and extension became effective July 16, 2021. ECF No. 22 at 19.

///

As an initial matter, this alleged error on its face does not address a material miscalculation of figures—it identifies no mathematical miscalculation or computational error. *See, e.g.*, *Grain v. Trinity Health*, 551 F.3d 374, 378 (6th Cir. 2008) (explaining that a material miscalculation of figures "concerns a computational error in determining the total amount of an award"); *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998) (defining a material musculation of figures as a "mathematical error appear[ing] on the face of the award). Thus, the only possible alleged ground for vacatur is that the arbitrator made "an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

Section 11(a) does not "authorize[] the setting aside of an award 'on grounds of erroneous finding of fact or misinterpretation of law.'" *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 802 (9th Cir. 1961). Rather, it requires that the mistake of fact be "unambiguous and undisputed" to serve as a basis for vacatur. *Nat'l Post Office v. U.S. Postal Serv.*, 751 F.2d 834, 843 (6th Cir. 1985); *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir. 1993).

Here, the alleged error regarding the effective date of the Extension Agreement does not satisfy that standard because it was not an unambiguous and undisputed fact. None of the exhibits submitted to the arbitrator identified the effective date, not even the Extension Agreement itself. *See, e.g.*, ECF Nos. 17-6, 18-1, 18-2. As a result, the arbitrator had to review and interpret all evidence submitted to him, the LMA, and the Extension Agreement to determine when the Extension Agreement's effective date. *See* ECF No. 17-2. The arbitrator ultimately concluded that none of the evidence identified the effective date, thereby requiring the arbitrator to interpret the LMA to determine the effective date. *Id.* This led the arbitrator to conclude that the effective date of the Extension Agreement was July 16, 2021, the day after the LMA would have expired. *Id.* at 30, 39. Regardless, the arbitrator concluded that even if the Extension Agreement was effective on March 26, 2020, as the Union alleges, Penta's termination of the LMA was proper. *Id.* at 40–42. On the record before him, the arbitrator did not make an evident material mistake in the description of any person, thing, or property referred to in the award.

///

Accordingly, the Court holds that the Union has not identified any grounds to vacate, modify, or correct the Award.

### B. Penta's motion to confirm the arbitration award is granted.

Turning now to Penta's motion to confirm the Award. A court is obligated to confirm an arbitration award unless it is vacated, modified, or corrected. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc). This is true even if the arbitrator made erroneous findings of fact or misinterpretations of law. *Id.* As explained above, the Union has not identified any grounds for vacating the Award. Accordingly, the Court grants Penta's motion to confirm the Award.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Union's petition to vacate the arbitration award (ECF No. 1-1) is denied.

IT IS FURTHER ORDERED that Penta's motion to confirm the arbitration award (ECF No. 17) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED this 10th day of July, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE